**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br> v.<br><br>SEAN WILLIAM DOAK,<br><br>     Defendant. | NO.  CR 08-244 RSL<br><br><br>DETENTION ORDER |

<u>Offenses charged</u>:

 Conspiracy to Possess With Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A).

<u>Date of Detention Hearing</u>:  November 24, 2015

 The Court, having conducted a detention hearing pursuant to 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

1.  Pursuant to 18 U.S.C. § 3142(e), there is a rebuttable presumption that defendant is a flight risk and a danger to the community based on the nature of the pending charges.  Application of the presumption is appropriate in this case.

2.  Defendant is a Canadian citizen and has no substantial ties to the United States or to this jurisdiction.

3. Defendant has fought extradition to the United States for years, and only surrendered after his last appeal was turned down.

4. If defendant is released to Canada, and fails to return, the entire extradition process would have to begin again.

5. If convicted, defendant will be facing a lengthy period of time in prison. There is no incentive for him to return to the United States if he is released.

6. Defendant's proposed residence in Canada is too far from the border to permit effective supervision.

7. There are no conditions or combination of conditions other than detention that will reasonably assure the appearance of defendant as required or ensure the safety of the community.

IT IS THEREFORE ORDERED:

(1) Defendant shall be detained and shall be committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 24st day of November, 2015.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
United States Magistrate Judge