UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>SEAN WILLIAM DOAK,<br><br>                    Defendant. | Case No. CR08-244RSL<br><br>ORDER DENYING<br>DEFENDANT'S MOTION<br>FOR COMPASSIONATE<br>RELEASE |

This matter comes before the Court on defendant's "Motion to Reduce Sentence Pursuant to First Step Act and for Compassionate Release." Dkt. # 244. Having considered the motion and the record contained herein, the Court finds as follows:

## I.    PROCEDURAL MOTIONS

As an initial matter, the Court finds compelling reasons justify sealing Exhibits C–H of the defendant's motion (Dkt. # 243) and Exhibit 1 of the government's response (Dkt. # 250). The defendant's motion to seal (Dkt. # 242) and the government's motion to seal (Dkt. # 249) are accordingly GRANTED.

## II.    BACKGROUND

Defendant is a 46-year-old inmate currently incarcerated at Reeves III in Pecos, Texas. Dkts. # 244 at 6, # 248 at 3. He is a citizen of Canada. On December 14, 2015, defendant pled guilty to conspiracy to distribute 100 kilograms or more of marijuana and 500 grams or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Dkt. # 153 at 2. On June 10, 2016, the Court sentenced defendant to 84

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 1

months' imprisonment and four years of supervised release. Dkt. # 168 at 2–3. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on December 28, 2021. Dkts. # 244 at 1, # 248 at 2. He now moves for compassionate release.

### III.    DISCUSSION

The compassionate release statute provides narrow grounds for defendants in "extraordinary and compelling" circumstances to be released from prison early. See 18 U.S.C. § 3582(c). The First Step Act of 2018 amended the procedural requirements governing compassionate release. See id. Prior to the First Step Act's passage, only the Director of the BOP could bring motions for compassionate release. The Director rarely filed such motions. See, e.g., United States v. Brown, 411 F. Supp. 3d 446, 448 (S.D. Iowa 2019). Congress amended the statute to allow defendants to directly petition district courts for compassionate release. As amended, 18 U.S.C. § 3582(c)(1)(A) states in relevant part,

> (c) Modification of an imposed term of imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction;  . . .
> > > >
> > > > (ii)  . . .
> > > >
> > > > and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission[.]

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 2

1    Prior to considering the merits of defendant's motion, the Court must determine whether

2 he has met the statutory exhaustion requirement for compassionate release. <u>See</u> 18 U.S.C.

3 § 3582(c)(1)(A). Defendant bears the burden of establishing this requirement. <u>See, e.g.</u>, <u>United</u>

4 <u>States v. Van Sickle</u>, No. CR18-0250JLR, 2020 WL 3962225, at *2 (W.D. Wash. July 13, 2020)

5 (collecting cases). The parties agree that defendant satisfied this requirement by filing a request

6 on April 13, 2020, Dkts. # 244 at 3, # 248 at 5, which the Warden at Reeves III denied on April

7 20, 2020, Dkt. # 244-1 at 1–13 (Ex. A). The Court, however, disagrees as a matter of law. In

8 <u>United States v. Garcia</u>, No. CR13-0071JLR, 2020 WL 3839631, at *3–4 (W.D. Wash. July 8,

9 2020), <u>reconsideration denied</u>, No. CR13-0071JLR, 2020 WL 4698814 (W.D. Wash. Aug. 13,

10 2020), where the government also did not contest the exhaustion requirement, the court

11 determined that it had an independent responsibility under the statute to find whether this

12 requirement had been met on the facts presented. Here, the record reflects that defendant

13 attempted to appeal the Warden's decision, and the Administrative Remedy Coordinator

14 provided a "Rejection Notice" to defendant concerning his attempted appeal. Dkt. # 244-2 at 2

15 (Ex. B). The Rejection Notice advised defendant that his appeal was being "rejected and

16 returned" for not being in the "proper form" (e.g., only one "continuation page" may be

17 submitted, all pages of the form must be "legible and worded the same," and a "complete" set of

18 copies must be submitted). <u>See id.</u> The notice advised defendant that he could resubmit his

19 appeal. There is no evidence in the record that defendant attempted to resubmit his appeal in the

20 proper format. Thus, the Court concludes that defendant failed to fully exhaust his

21 administrative appeal rights. <u>See</u> <u>Garcia</u>, 2020 WL 3839631, at *4. A failure to exhaust

22 administrative remedies is fatal to a compassionate release motion. <u>See id.</u> Because defendant

23 has not satisfied the exhaustion requirement, the Court lacks authority to grant the relief

24 requested here.

25    **IV.    CONCLUSION**

26    For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 244)

27 is DENIED without prejudice to re-filing upon satisfaction of the exhaustion requirement set

28

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 3

1   forth in 18 U.S.C. § 3582(c)(1)(A). Defendant's and the government's motions to seal (Dkts.

2   # 242, # 249) are GRANTED.

3          IT IS SO ORDERED.

4

5          DATED this 29th day of January, 2021.

6

7

8                                          *MN S Lasnik*

9                                          Robert S. Lasnik
                                           United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE - 4