UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SEAN WILLIAM DOAK,<br><br>Defendant. | Case No. CR08-244RSL<br><br>ORDER GRANTING DEFENDANT'S SECOND MOTION FOR COMPASSIONATE RELEASE |

This matter comes before the Court on defendant's second "Motion to Reduce Sentence Pursuant to First Step Act and for Compassionate Release." (Dkt. # 254). Having considered the motion and the record contained herein, the Court finds as follows:

### I.  BACKGROUND

The Court reincorporates its previous summary of defendant's background:

> Defendant is a [47]-year-old inmate currently incarcerated at Reeves III in Pecos, Texas. Dkts. # 244 at 6, # 248 at 3. He is a citizen of Canada. On December 14, 2015, defendant pled guilty to conspiracy to distribute 100 kilograms or more of marijuana and 500 grams or more of a mixture and substance containing cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. Dkt. # 153 at 2. On June 10, 2016, the Court sentenced defendant to 84 months' imprisonment and four years of supervised release. Dkt. # 168 at 2-3. Defendant is currently scheduled for release from the custody of the Federal Bureau of Prisons ("BOP") on December 28, 2021. Dkts. # 244 at 1, # 248 at 2.

Dkt. # 252 at 1-2.

ORDER GRANTING DEFENDANT'S
SECOND MOTION FOR COMPASSIONATE
RELEASE - 1

Defendant filed his first motion for compassionate release on December 11, 2020.  Dkt. # 244.  The Court denied defendant's motion on the ground that he failed to satisfy the statutory exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A).  Dkt. # 252.  Defendant filed his second motion for compassionate release on November 5, 2021.  Dkt. # 254.

## II.   DISCUSSION

### A.   Exhaustion Requirement

A prisoner must establish exhaustion if the government timely raises the issue.  <u>United States v. Keller</u>, 2 F. 4th 1278, 1283 (9th Cir. 2021); <u>see also</u> 18 U.S.C. § 3582(c)(1)(A).  The government does not contest that defendant exhausted his administrative remedies by correcting and resubmitting his appeal to the Warden of his facility.  Dkt. # 257 at 6 (citing Dkt. # 253).  The Court finds that defendant has satisfied the exhaustion requirement.

### B.   Defendant's Circumstances

The Court finds that, under the totality of the circumstances, defendant has established his request for compassionate release is appropriate to allow him to return home for the holidays less than a month prior to his scheduled release from custody.

## III.   CONCLUSION

For all the foregoing reasons, defendant's motion for compassionate release (Dkt. # 254) is GRANTED.

IT IS HEREBY ORDERED that defendant's custodial sentence be reduced to time served.  All other provisions of sentencing remain as previously set.

IT IS FURTHER ORDERED that if defendant is not taken into U.S. Immigration and Customs Enforcement custody upon his release from the Federal Bureau of Prisons, he shall contact the U.S. Probation Office in Seattle, Washington within 24 hours of his release and follow its instructions.

1 | DATED this 30th day of November, 2021.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

28 | ORDER GRANTING DEFENDANT'S
SECOND MOTION FOR COMPASSIONATE
RELEASE - 3